

U.S. Department of Justice

Office of the United States Trustee

Western District of Pennsylvania

*Liberty Center, Suite 970*  *(412) 644-4756 Telephone*
*1001 Liberty Avenue*  *(412) 644-4785 Facsimile*
*Pittsburgh, Pennsylvania 15222*

VIA EMAIL ONLY

February 11, 2022

Dennis J. Spyra, Esq.
1711 Lincoln Way
White Oak, PA 15131
attorneyspyra@dennisspyra.com

Subject: Todd Reppert, 21-22274-GLT

Dear Mr. Spyra:

The Office of the United States Trustee is reviewing the referenced case for abuse within the meaning of 11 U.S.C. § 707(b), discharge issues in accordance with 11 U.S.C. § 727 and/or cause for dismissal pursuant to 11 U.S.C. § 707(a). To assist with our review, we would ask that you provide us with the following information:

1. Financial account statements, including check registers, from all savings and checking accounts (as well as any money market, mutual fund, and brokerage accounts) maintained by the debtor, or to which he had access, from one year prior to the date the petition was filed to the present date. This includes any accounts the debtor owns jointly with his spouse or any other person. Please note that we previously received July – September 2021 statements for BVA Federal Credit Union ending in 21780, and the debtor filed the statements for this account from October – December 2021 with his monthly operating reports, but did not include the check registers so we will need the check registers for these months although the statements were already provided.

2. The debtor's bank statements show transfers to/from the below accounts. If the debtor had an ownership interest in these accounts at any time, please provide bank statements for these accounts, including check registers, from one year pre-petition to the present date. If the debtor has never had an ownership interest in these accounts, please identify the owner of such accounts and the purpose for the transfers.
    a. Account ending in 2531
    b. Account ending in 2692
    c. Account ending in 2140

3. On August 10, 2021, the debtor received a wire deposit in the amount of $106,100. Please identify the source of this deposit and the reason the debtor received these funds.

4. Please provide an explanation for the following wire transfers out of the debtor's account, along with the identity of the recipient of these funds:
   a. August 16, 2021 wire transfer of $31,127.40;
   b. September 8, 2021 wire transfer of $16,090.00;
   c. October 4, 2021 wire transfer of $21,793.27.

5. List of all financial accounts that the debtor closed within one year preceding the filing of the petition and provide copies of the last six statements from these accounts.

6. Gambling win/loss year-end statements from all casinos where the debtor gambled during 2020 and 2021.

7. A list that identifies which deposits in the debtor's bank statements are for the collection of rent on behalf of J&J Realty. Also, please identify the name of each tenant and the amount each tenant pays monthly.

8. Contact information for the owner of J&J Realty, including the name of the principal and his address and phone number.

9. Please identify how the debtor usually transmits payment to J&J Realty (*i.e.* cashier's check, wire transfer, etc.). Also, please confirm that the amount transferred monthly to J&J Realty is approximately $8,855.

10. Debtor's current credit report that reflects a balance history for at least one year prior to the date of filing to present date. When requesting the credit report, please specifically ask for a balance history. Credit reports are available free of charge from each of the national consumer credit reporting companies: Equifax, Experian and TransUnion. See www.annualcreditreport.com.

11. Identify all assets the debtor transferred within one year prior to the filing of the petition.

12. The debtor's Nationwide insurance policy covers two vehicles not listed on his schedules: (1) 2021 BMW M253xi, and (2) 2014 Mercedes Benz MI350. We note the Mercedes Benz is disclosed in the debtor's spouse's chapter 13 bankruptcy case, but the BMW is not. Please provide a copy of the purchase agreement and title for the 2021 BMW and explain why this vehicle was not listed on the debtor's schedules.

13. We note the debtor's gross income for operating a business listed for 2019 and 2020 on the debtor's statement of financial affairs at question #4 does not match the income reported on Schedule C of his 2019 and 2020 tax returns. Please explain the discrepancies. If the debtor has filed amended tax returns for 2019 or 2020, please provide us with copies of the amended returns.

14. At 4.1 of Schedule E/F, the debtor lists Appliance Part Doctor as an unsecured creditor owed approximately $22,600. Please identify whether this creditor is owned or managed by a relative of the debtor. If so, please identify all transfers (*i.e.* assets sold, payments, etc.) between the debtor and Appliance Part Doctor that occurred within one year prior to the petition date.

15. Amended Schedule I (#61-2) does not identify the debtor's spouse's income. Please identify the spouse's monthly gross income, payroll deductions, take-home pay, and any other income received by the debtor's spouse. Also, if the debtor receives income for the care of any dependents, or any other income not listed on Schedule I, please identify the amount and source of income.

16. On Schedule J, the debtor lists a $500 monthly mortgage expense. However, the debtor's spouse's chapter 13 plan also includes mortgage payments for the Fayette Avenue property. Please identify whether this $500 mortgage expense is in addition to the payments by the debtor's spouse and provide a copy of the mortgage statement. If the debtor is not making a mortgage payment, or other expenses listed on his schedules are being paid through his spouse's chapter 13 plan, please identify these expenses and amend Schedule J accordingly.

17. Please advise us of any considerations that you believe would tend to establish that this case does not constitute an abuse and that the debtor is entitled to a discharge. In this regard, please specifically include, without limitation, any calamity, loss of income, serious medical condition or other significant mitigating factors.

We would appreciate receiving a response by March 7, 2022. If you have any questions, please feel free to give me a call.

Sincerely,

Andrew R. Vara
United States Trustee
Regions 3 and 9

By: /s/ Larry Wahlquist
    Larry Wahlquist
    Trial Attorney
    (412) 644-4756x115

cc: Robert Slone, Esq.